IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA RIVERA,

                                  Case No.

       Plaintiff,

-vs-                                 **JURY TRIAL DEMANDED**

REGIONAL ADJUSTMENT BUREAU, INC.

       Defendant.
_____/

**COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES**
**AND DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

1. This is an action for damages under Federa1 Statutes §15 U.S.C. 1602 *et seq.*, Fair Debt Collection Practices Act (herein after "FDCPA") and Florida Statutes §§559.55 *et seq.*, otherwise known as a the Florida Consumer Collection Practices Act (hereinafter "FCCPA") and under Federal Statute 47 U.S.C. § 227, the Telephone Consumer Protection Act (hereinafter the "TCPA").

**Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

**Parties**

4. Plaintiff, Victoria Rivera, (hereafter "Plaintiff) is an individual residing at 11403 Camden Yard Lane, Lithia FL 33547.

5. Defendant, Regional Adjustment Bureau, Inc. (hereafter "RAB") is a for-profit Tennessee corporation, with its principle place of business located at 1900 Charles Bryan Rd, Ste. 110, Cordova, TN 38016. The principle purpose of Defendant is the collection of debts, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6. Upon information and belief, at all times mentioned herein, the agents and employees of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## Factual Allegations

7. Plaintiff owes a debt to College Loan Corporation for a student loan.
8. The Student loan was primarily incurred for personal, family our household purposes and is a debt as defined by 15 U.S.C. 1692a(5) and F.S. 559.55(1).
9. At some point Plaintiff became delinquent in her payments to College Loan Corporation.
10. College Loan Corporation assigned the debt to Defendant for collection.
11. Defendant, by and through its agents, called Plaintiff so many times that Plaintiff felt harassed by the calls.
12. The calls were placed to Plaintiff's cell phone via an automatic telephone dialing system.
13. Despite the fact that the student loan was a private loan, not a government loan, Defendant told Plaintiff that if she did not pay the account, they would garnish her wages.
14. Feeling frustrated and harassed by the phone calls, she changed her cell phone number.
15. Within a few months of changing her phone number, Defendant started calling her new cell phone number (813-xxx-8543) using an automatic telephone dialing system.
16. Plaintiff never gave express permission to Defendant to call her on her cell phone using an automatic telephone dialing system.

## First Claim for Relief
## FDCPA Violation

17. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.
18. The foregoing acts and omissions of Defendant RAB and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692d(5) and 1692e(2)(A).
19. As a result if the above violations of the FDCPA, Defendant RAB is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## Second Claim for Relief
## FCCPA Violation

20. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

21. The foregoing acts and omissions of Defendant RAB and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7) and 559.72(9).

22. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

23. As a result of the above violations of the FCCPA, Defendant RAB is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and costs.

### Third Claim for Relief
### TCPA Violation

24. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 16.

25. Defendant used an automatic telephone dialing system to call Plaintiff's cell phone numerous times.

26. Defendant placed said phone calls either without Plaintiff's express consent or after the express consent was revoked.

27. Although the exact number of calls is not known, it is alleged that there were at least 30 calls made by Defendant to Plaintiff in violation of the TCPA.

28. Defendant's violation of the TCPA was knowing and intentional.

29. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,500 per violation and reasonable attorney fees and costs.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    a. Actual damages pursuant to 15 U.S.C §1692 and F.S.A. 559.77(2) and 47 USC § 227(b)(3).

    b. Statutory damages pursuant to 15 U.S.C §1692 and F.S.A. 559.77(2) and 47 USC § 227(b)(3).

    c. Costs and reasonable attorney fees pursuant to 15 U.S.C §1692 and F.S.A. 559.77(2);

    d. Punitive damages pursuant to 11 U.S.C. §105 and 15 U.S.C §1692 and F.S.A. 559.77;

    e. For any such relief the Court deems just and proper.

Respectfully submitted, this 9th day of October, 2014.

        /s/ G. Donald Golden
        [x] G. DONALD GOLDEN, ESQUIRE
        Florida Bar No. 0137080
        E-Mail: don@brandonlawyer.com
        [ ] ALAN C. EWBANK, ESQUIRE
        Florida Bar No. 0191752
        E-Mail: alan@brandonlawyer.com
        THE GOLDEN LAW GROUP
        808-A Oakfield Drive
        Brandon, Florida 33511
        Telephone: (813) 413-8700
        Facsimile: (813) 413-8701
        Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

        /s/ G. Donald Golden
        G. Donald Golden, Esquire